UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGE WF II CA PARKWAY CLUB, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>CYNTHIA CABRERA,<br><br>  Defendant. | Case No. 23-cv-01617-BAS-DDL<br><br>**ORDER:**<br><br>**(1) REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION;**<br><br>**AND**<br><br>**(2) TERMINATING MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS* **(ECF No. 2)** |

On September 1, 2023, Defendant Cynthia Cabrera, proceeding pro se, removed this matter to federal court based on federal question jurisdiction under 28 U.S.C. § 1331. (Notice of Removal, ECF No. 1.)  On the same day, she filed a motion seeking leave to proceed *In Forma Pauperis* ("IFP").  (ECF No. 2.)

Courts address the issue of subject matter jurisdiction first, as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution and statute, which is not to be

expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman–Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

Here, Defendant seeks to remove this action from state court based upon federal question jurisdiction under 28 U.S.C. § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A federal "defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). A case, therefore, may not be removed to federal court based on a federal defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983); *see also Rivet*, 522 U.S. at 475.

The case removed here is a residential unlawful detainer action. (Complaint – Unlawful Detainer, Notice of Removal, ECF No. 1-2.) Therefore, the action arises exclusively under California state law. Nonetheless, Defendant argues that federal question exists because Plaintiff allegedly did not comply with the "Protecting Tenants at Foreclosure Act of 2009" ("PTFA") and did not "state a cause of action under the PTFA," but should have done so. (Notice of Removal ¶¶ 5–7.)

This showing is unpersuasive. Plaintiff's Complaint does not raise a federal issue; rather, Defendant argues Plaintiff should have raised the PTFA in its pleading. Even if this was so, the plaintiff is "the master of [its] complaint" and may "avoid federal jurisdiction by relying exclusively on state law." *Balcorta v. Twentieth Century–Fox Film Corp.,* 208 F.3d 1102, 1106 (9th Cir. 2000). The PTFA, nor any other federal statute, is part of Plaintiff's Complaint. As such, this Court lacks federal question jurisdiction under the well-pleaded complaint rule. *See Deutsche Bank Nat'l Tr. Co. v. Forteza*, No. CV 12-1561 CAS (EX), 2012 WL 12897033, at *1 (C.D. Cal. Mar. 9, 2012) ("A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail.") (citing *McAtee v. Capital One, F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007))).

Accordingly, Defendant has failed to meet her burden of establishing this Court's jurisdiction under 28 U.S.C. § 1331. Therefore, this Court **REMANDS** this action to the San Diego Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded."). Further, because the Court lacks jurisdiction over this case, the Court **TERMINATES** Defendant's motion to proceed *in forma pauperis* (ECF No. 2).

**In addition, the Court warns Defendant that any further attempt to remove this action without an "objectively reasonable basis for removal" may result in an award of attorneys' fees for Plaintiff.** *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005); 28 U.S.C. § 1447(c); *see also Wells Fargo Bank Nat'l Ass'n v. Vann*, No. 13–cv–01148–YGR, 2013 WL 1856711, at *2 (N.D. Cal. May 2, 2013) (awarding $5,000.00 in attorneys' fees pursuant to 28 U.S.C. § 1447(c) following defendant's third attempt to remove unlawful detainer action despite the court's two prior orders remanding the action).

**IT IS SO ORDERED.**

DATED: October 4, 2023

Hon. Cynthia Bashant
United States District Judge